# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES ROBINSON,   *

Plaintiff   *

v.   *   Civil Action No. ELH-17-1467

WEXFORD,   *

Defendant   *

***

## MEMORANDUM

Plaintiff James Robinson, an inmate at North Branch Correctional Institution ("NBCI"), claims he has not received adequate medical care for a traumatic injury. ECF 1. As previously noted, ECF 2 at n.1, no defendant was actually named in plaintiff's original correspondence.[1] Therefore, this Court instructed plaintiff to supplement his Complaint by identifying the individuals he claims are responsible for refusing to provide him with adequate medical care. ECF 2.

Plaintiff filed supplements (ECF 3, ECF 5, ECF 6), without naming individuals. In a Motion to Appoint Counsel (ECF 11), however, plaintiff named the following individuals: Krista Belak, Krista Swann, Krista Self, Don Hawk, Mahbood Ashraf, Stacy, David Altman of the University of Maryland Hospital, Lt. Zais, Sgt. Blolansh, Sgt. Werner, and Sgt. Thomas. ECF 11. Because plaintiff is proceeding pro se, his submissions are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court construes the filing as a combined Motion to Appoint Counsel and Motion to Amend the Complaint.

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any

---

[1] The Clerk added "Wexford" for administrative purposes, presumably to open the case. Because Plaintiff has now identified some defendants, the Clerk shall terminate Wexford as a party.

complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Similarly, under 28 U.S.C. § 1915(e)(2), a complaint proceeding in forma pauperis "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." It is apparent from the face of plaintiff's claims that several of these newly named defendants are entitled to immediate dismissal on the ground that plaintiff fails to state a claim on which relief may be granted.

Plaintiff asserts that Altman, a physician at the University of Maryland Hospital, "is responsible [for the harm plaintiff suffered] because only a dummy would avoid something big over something small he dont deserve his job thats why alot of people is dead and disabled now smh." ECF 11 at 1. To the extent that plaintiff seeks to raise a constitutional claim against Altman under 42 U.S.C. § 1983, his suit is deficient because he has failed to allege that Altman was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, even assuming that Altman is a state actor and that plaintiff seeks to assert a claim under the Eighth Amendment for deliberate indifference to medical needs, he has failed to allege that Altman acted with the requisite mental state.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendant or the failure to act amounted to deliberate indifference to a serious medical

2

need. *See Estelle*, 429 U.S. at 106; *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The Fourth Circuit has characterized the applicable standard as an "exacting" one. *Lightsey*, 775 F.3d at 178.

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure that the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *King*, 825 F.3d at 219. A "'serious . . . medical need'" is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko*, 535 F.3d at 241 (quoting *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999)); *see Scinto*, 841 F.3d at 228. In a case involving a claim of deliberate indifference to a serious medical need, the inmate must show a "significant injury." *Danser v. Stansberry*, 772 F.3d 340, 346 n.8 (4th Cir. 2014).

Proof of an objectively serious medical condition does not end the inquiry. The subjective component requires a determination as to whether the defendant acted with reckless disregard in the face of a serious medical condition, *i.e.*, with "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Farmer*, 511 U.S. at 839-40; *Scinto*, 841 F.3d at 225. Put another way, "[t]o show an Eighth Amendment violation, it is not enough that the defendant *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Lightsey*, 775 F.3d at 178. The Fourth Circuit has said: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of

that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997); *see also Young v. City of Mt. Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001).

In *Gamble*, 429 U.S. at 106, the Supreme Court said: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

Notably, deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness" and, "as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Lightsey*, 775 F.3d at 178; *see also Scinto*, 841 F.3d at 225; *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). What the Court said in *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999), is also pertinent: "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgments, even though such errors may have unfortunate consequences . . . To lower this threshold would thrust federal courts into the daily practices of local police departments."

Plaintiff does not allege the requisite culpability on the part of Altman. To the contrary, plaintiff's insinuation that Altman is a "dummy" (ECF 11 at 1) suggests Altman's lack of knowledge or subjective awareness of the medical problem.

Further, to the extent that plaintiff seeks to raise a medical malpractice claim against Altman, he has failed to show subject matter jurisdiction for such a claim, *i.e.*, diversity of citizenship. *See* 28 U.S.C. § 1332. Moreover, plaintiff has failed to allege that he has satisfied the extensive requirements of the Maryland Healthcare Malpractice Claims Act, Md. Code, Cts.

4

& Jud. Proc. § 3-2A-01, et seq. For example, the Malpractice Claims Act requires that plaintiff first file his claim with the Director of the Health Care Alternative Dispute Resolution Office, *id.* § 3-2A-04(a)(1)(i), and "file a certificate of a qualified expert . . . attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury." *Id.* § 3-2A-04(b)(1)(i). He must also obtain the agreement of the defendant to waive arbitration, which is the default method of resolving medical malpractice claims in Maryland, so as to proceed to a civil suit. *Id.* § 3-2A-06A.

In addition to defendant Altman, defendants Zais, Blolansh, Werner, and Thomas are also entitled to dismissal. Plaintiff seeks to hold these four defendants liable for rejecting or failing to respond properly to his administrative complaints. ECF 11 at 2. The Administrative Remedy Procedure was instituted by the Maryland Division of Corrections to provide inmates with an informal and formal process for the resolution of complaints and problems; an inmate may utilize this process to resolve institutional issues. *See* Division of Correction Directive 185-100, *et seq*. However, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Because "inmates have no constitutional entitlement or due process interest in access to a grievance procedure[,] an inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Accordingly, even assuming, *arguendo*, that defendants Zais, Blolansh, Werner, and Thomas did not satisfactorily investigate or respond to plaintiff's administrative grievances, no underlying constitutional claim has been stated.

As to the remaining defendants — Krista Belak, Krista Swann, Krista Self, Don Hawk, Mahbood Ashraf, and Stacy the court concludes that plaintiff's complaint is sufficient to satisfy

5

§ 1915A's screening requirement. Accordingly, these defendants shall be served, as specified in the attached Order.

Turning to the request for the appointment of counsel, a federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The case is not unduly complicated; plaintiff appears able to articulate his claims without notable difficulty; and, at present, it is not clear that a hearing or discovery will be necessary for the disposition of this case. Thus, having found no exceptional circumstances warranting appointment of counsel, the request shall be denied, without prejudice. However, plaintiff's request may be reconsidered if warranted by further developments in this case.

An Order follows:


Date: October 26, 2017  /s/
Ellen L. Hollander
United States District Judge